Tueley, J.
delivered the opinion of the court.
This suit is instituted by attachment under the provisions of the act of 1833, ch. 5, which provides as follows:
Sec. 1. Whenever a debt shall be contracted by the master, owner, agent or consignee of any steam or keel boat within this State, by and on account of any work done, or materials or articles furnished for or towards the building, repairing, fitting, furnishing or equipping such steam or keel boat, or for wages due to the hands of said steam or keel boat, such debt shall be a lien upon such steam or keel boat, her tackle and furniture: Provided, That suit be commenced within three months from *630 the time said work is finished, or said materials or articles are furnished, or said wages fall due.
Sec. 2. Any person to whom such debt, contracted as aforesaid, is due, may make application to any justice of the peace, or judge of the circuit or chancery courts, in the county in which said steam or keel boat shall then be, for a warrant to enforce said debt, and to collect the amount thereof; which application shall be in writing and shall specify, first, by whom, said debt was contracted; second, the items composing such debt, and third, it shall be verified upon oath by the creditor- or the person applying in his behalf, stating that the sum claimed in such account is justly due; and the justice or judge shall thereupon issue a warrant to the sheriff of the county commanding him to attach,' seize and safely keep such steam or keel boat, her tackle and furniture, until security is given as herein provided for, or the debt paid; which warrant shall be returned to the county or circuit court of said county for trial before a jury: Provided, that when the account of debt does not exceed fifty dollars, it shall be returned and tried befoi’e any magistrate of said county, subject to appeal from his judgment as in other cases.
On the 11th day of August 1848, Montgomery P. Hill, the plaintiff, appeared before Jarnes Rose, an acting justice of the peace for Shelby county, and filed with him his written complaint in the words and figures following:
Personally appeared Montgomery P. Hill before me, James Rose, an acting justice of the peace for said county, and made oath that Richard Mills and Andrew F. Chatfield as owners of the steam boat Victress, are justly indebted to him the said Montgomery P. Hill for wages due to him as mate and carpenter on board *631 the steam boat Victress, in the sum of one hundred and three dollars thirty-three cents, as evidenced by a due bill signed by said Richard Wells, a true copy of which is hereto annexed, dated the 22nd day of May, A. D. 1848; after giving all just credits, that the said sum of one hundred and three dollars thirty-nine cents is justly due to him, the said Montgomery P. Hill; that said debt was contracted by said Mills and Chatfield for and in behalf of said steam boat Victress, within this State; that said Mills and Chatfield have removed or are removing themselves privately out of the county, or State, or so abscond or conceal themselves or their property or effects so that the ordinary process of law cannot be served upon them, or that they are inhabitants of another government, or have removed or are about to remove their property or effects beyond the limits of this State. He therefore prays a process of attachment against the estate of the said Richard Mills and Andrew F. Chatfield; and that said steam boat Victress may be attached, seized and safely kept, together with her tackle and furniture until discharged according to law, upon which the justice of the peace, James Rose, on the same day issued his warrant directed to any lawful officer of said county of Shelby, commanding him to attach, seize and safely keep said steam boat Victress, her tackle and furniture at the plaint of the said Montgomery P. Hill, until security is given according to law, or his said debt paid, and to return the proceedings thereon together with the warrant to the judge of the Circuit Court for the county of Shelby, at a court to be holden at the court house, in the town of Raleigh, in the county aforesaid, on the first Monday in September, 1848.
*632 The warrant was returned in pursuance to its mandate, with the following endorsement thereon; “ Levied this attachment on the steam boat Victress, machinery and tackle, now sunk in the Mississippi river at Fort Pickering. H. L. Guión, D. Stiff, S. 0.”
August 11th, 1848.
At the September term, 1848, of the Circuit Court of Shelby county, the plaintiff filed his declaration in usual form against the defendants, to which they pleaded in abatement the following facts, viz: That the said plaintiff and the said defendants before and at the time of sueing out said writ, were not resident citizens- of the State of Tennessee, nor were either of them such citizens as aforesaid ; that is to say the said plaintiff at the time aforesaid was and still is a citizen of Red River county, in the State of Texas, and the said defendants at said time were resident citizens of the county of Red River and State of Texas. To which plea there • was a demurrer by the plaintiff, which was .overruled by the court, and the warrant of attachment quashed upon the plea in abatement; from all which this writ of error is now prosecuted.
That the Circuit Judge erred in overruling the demurrer to the plea in abatement and quashing the warrant of attachment, cannot in our judgment be questioned.
This is not a proceeding against absconding or nonresident debtors, and the domicil of the plaintiff or defendant can in no way affect it. The act under which it is instituted gives, as we have seen, a lien upon the boat for the amount of the wages due to the plaintiff as a hand of said boat upon a contract entered into in this State, and authorizes an attachment to enforce the demand in any county in the State where it might be found: And to legitimate this mode of proceeding, all *633 that is required by the statute is, first, that the debt shall have been contracted in the State; second, that the application for the warrant of attachment shall be in writing; third, that the written application shall specify by whom said debt was contracted, and for what boat it was contracted, the items composing said debt, and that it shall be verified upon oath by the creditor or the person applying in his behalf, stating that the sum claimed is justly due. All these requisites of the statute have been complied with in the present instance. The application for the warrant of attachment is i,n writing, it is sworn to, and it charges that the debt was contráeted in the State, and that it is justly due. It specifies by whom the debt was contracted and for what boat, and that it is evidenced by note, executed by defendants. This is a sufficient specification of the items of the demand. If the debt had not been liquidated by note but had existed in parol, the particular items constituting it, should, under the statute, have been set forth. But when the aggregate, of the debt is acknowledged by the note of the party to be charged, there can be no reason for specifying the items which constituted it.
The Circuit Judge was mistaken in supposing that this statute was intended to give a remedy against absconding or non-resident debtors. It was intended for a very different purpose, viz, to secure all persons, who might do any work or furnish any materials or articles towards the building, repairing, fitting, furnishing or equipping any steam or keel boat, or who might have wages due them as' hands on said boat, against loss therefrom; and to give them a speedy and effectual remedy to recover the same. This is done by giving a lien upon the boat for the space of three months,' and an attachment against it by which it is to be held subject to the judgment of the court to *634 ■which the proceedings are returnable, unless the debt be paid or security given therefor.
In this point of view it is wholly immaterial of what State or county the parties are citizens. It is sufficient if the debt be contracted here, and the boat be here. Nothing more is necessary to give our courts jurisdiction in such cases, if the forms required by the statute be complied with.
The judgment will be reversed and the case remanded for further proceedings.